JULIO VIVES VÁZQUEZ, peticionario, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE SAN JUAN, HON. ANTONIO RIVERA BRENES, JUEZ, demandado; CARLOS AUGUSTO PLARD FAGUNDO, peticionario, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE SAN JUAN, HON. ANTONIO RIVERA BRENES, JUEZ, demandado.

*Números:* O-72-80, O-72-131    *Resueltos:* 1ro. de febrero de 1973

140

*Enrique González, Fermín B. Arraiza Miranda, José Hamid Rivera, José B. Díaz Asencio* y *Ludmilia Rivera Burgos,* abogados de los peticionarios; *Gilberto Gierbolini, Procurador General,* y *Cándita R. Orlandi, Procuradora General Auxiliar,* abogados de El Pueblo de Puerto Rico.

EL JUEZ ASOCIADO SEÑOR RAMÍREZ BAGES emitió lo opinión del Tribunal.

Por los fundamentos expuestos a continuación concluimos que debe anularse el auto expedido y devolverse el caso para la continuación de los procedimientos.

Los peticionarios fueron acusados de violar los Arts. 26 y 27 de la Ley Núm. 134 de 24 de junio de 1969 conocida como

la Ley de Explosivos de Puerto Rico (25 L.P.R.A. secs 586 y 587).(1)

Los recurrentes solicitaron mediante moción, la desestimación de dicha acusación. El tribunal de instancia la declaró sin lugar.

Los recurrentes apuntan que (1) la acusación no imputa delito en cuanto al cargo por violación al Art. 27 de la ley por entender los recurrentes que es necesario alegar la ausencia del permiso que la ley dispone que debe conceder el Superintendente de la Policía para poseer explosivos; (2) que el tribunal carece de jurisdicción para entender en las mismas (Regla Núm. 64(a) y (b) de las de Procedimiento Criminal) debido a que el Art. 27 de la Ley Núm. 134 en unión a otras disposiciones de dicha ley, hace una indebida delegación de poder y viola el derecho a la presunción de inocencia por lo que dicha disposición es nula.

Arguyen los peticionarios por último que: (1) La presunción establecida por el Art. 29 de dicha Ley, según relacionada con los Arts. 2, 26, 27 y 28 y otras disposiciones de dicho cuerpo legal, es contraria al debido proceso de ley, vulnera la presunción de inocencia, compele al acusado a renunciar su privilegio contra la autoincriminación, viola el derecho a

---

(1) Las acusaciones leen así:

"Los referidos acusados actuando de concierto y común acuerdo entre sí, a la hora de la noche del 21 y 22 de enero de 1971, en la Calle Lugo Viña de San Juan, Puerto Rico, que forma parte del Tribunal Superior de Puerto Rico, Sala de San Juan, de manera ilegal, voluntaria, maliciosa y criminalmente tenían en su poder el dominio de un artefacto de explosivo, conteniendo sustancias explosivas con la intención de utilizarlo, como así lo hicieron, para causar daño corporal, aterrorizar a personas y causar daño a la propiedad ajena.

"Los referidos acusados actuando de concierto y común acuerdo entre sí, a la hora de la noche del 21 y 22 de enero de 1971, en la Calle Lugo Viña de San Juan, que forma parte del Tribunal Superior de Puerto Rico, Sala de San Juan, de manera ilegal, voluntaria, maliciosa y criminalmente tenían en su poder el dominio de un artefacto de explosivos conteniendo sustancias explosivas con el propósito ilegal de causar daño corporal, aterrorizar a personas y destruir propiedad ajena, artefacto que depositaron en el predio denominado U.S. Housing Area."

juicio por jurado y el derecho a confrontarse con los testigos de cargo, derechos garantizados por el Art. II, Secs. 7 y 11 de la Constitución del Estado Libre Asociado; (2) Dicha Ley sufre de vaguedad e imprecisión vulnerando así el debido procedimiento de ley garantizado por el Art. II, Sec. 7 de la Constitución del Estado Libre Asociado; (3) En la referida Ley se hace una delegación indebida del poder legislativo al Superintendente de la Policía de Puerto Rico. (²)

---

(²) La Ley de Explosivos de Puerto Rico (25 L.P.R.A. secs. 561–593) en sus disposiciones aquí pertinentes establece que:

ARTÍCULO 2—"Los términos que aparecen a continuación tendrán el siguiente significado, para propósitos de esta Ley:

(1) 'Explosivo' o 'explosivos' comprenderá cualquier compuesto químico o mezcla que contenga unidades oxidantes reductoras y sustancias combustibles y otros ingredientes en tales proporciones o cantidades o que pueda ser puesta en tal envoltura que al ser encendida por calor, fricción, conmoción, percusión o detonador, cualquier parte de dicho compuesto o mezcla pueda causar una repentina descomposición con la producción de una gran cantidad de calor y gases en grado tan alto que las presiones gaseosas resultantes sean capaces de producir efectos destructores de vidas, de miembros o de objetos contiguos, o cualquier compuesto químico o mezcla mecánica que contenga unidades oxidantes y reductoras y combustible u otros ingredientes, o cualquier substancia que por sí sola o mezclada con otra pueda ser inflamable, no importa las cantidades o proporciones que contengan los compuestos químicos o mezclas que, al ser encendidas por el fuego, fricción, conmoción, percusión o detonador sean capaces de producir o iniciar un incendio.

No se considerarán explosivos para propósitos de esta ley las siguientes sustancias: gasolina, petróleo, nafta, trementina, nitrato de amonia en su forma pura, bencina, bisulfuro de carbono, éter, éter de petróleos Kerosene, nitro-celulosa coloidal en hojas, o en barras, o granos de no menos de un octavo de pulgada de diámetro, nitrocelulosa mojada y un compuesto de almidón y nitro mojado que contenga un veinte por ciento o más de humedad o de ácido pícrico mojado que esté mojado en o que contenga un diez por ciento o más de humedad. Se dispone, sin embargo, que a los efectos de las Secs. 26, 27, 32 y 33 de esta ley, el término 'explosivos' incluirá dichas sustancias cuando se demostrare que las mismas se usan o poseen con la intención expresada en las secs. 26 y 27 de esta ley.

· · · · · · · ·

(6) 'Sustancia que pueda utilizarse para fabricar explosivos' significa: Toda sustancia que el Superintendente [de la Policía] considere, previo estudio y previa la promulgación de reglamento al efecto, que sea necesaria o eficaz, en unión o mezcla con otra u otras sustancias, para constituir un explosivo, tal como define esta ley dicho término." (25 L.P.R.A. sec. 562.)

Consideremos primeramente si los artículos citados de la Ley Núm. 134 adolecen de vaguedad.

Dijimos en *Pueblo* v. *Tribunal Superior*, 98 D.P.R. 750 (1970) que:

"El propósito esencial de la doctrina de nulidad por vaguedad es el dar aviso a los individuos de la consecuencia penal de su conducta . . . . Este Tribunal repetidamente ha dicho que los estatutos penales que no dan un aviso adecuado de que un acto ha sido declarado punible antes de realizarse, constituyen una privación inconstitucional del debido proceso de ley . . . . En varias ocasiones hemos sostenido que la dificultad en determinar si las ofensas marginales caen dentro del significado del lenguaje

ARTÍCULO 26—"Toda persona que use explosivos o cualquier sustancia que pueda utilizarse para fabricar explosivos, con el propósito ilegal de hacer daño corporal, o de aterrorizar a cualquier persona, o para hacer daño o destruir alguna propiedad o para hacer daño a la misma en cualquier forma, será culpable de delito grave y convicta que fuere será castigada con pena de presidio por un término no menor de cinco (5) años ni mayor de veinticinco (25) años." (25 L.P.R.A. sec. 586.)

ARTÍCULO 27—"Toda persona que tenga en su poder algún explosivo, sustancia que pueda utilizarse para fabricar explosivo, o cualquier objeto que pueda utilizarse para estallar o para fabricar explosivos o bombas, tal como mecha, batería, reloj, ácido, fulminante o detonador, o alguno otro que sirva para propósitos análogos, con la intención de usarlo para hacer daño corporal o de aterrorizar a cualquier persona, o de hacer daño o destruir cualquier propiedad o de hacer daño a la misma en cualquier forma, será culpable de delito grave y convicta que fuere será castigada con pena de presidio por término no menor de dos (2) años ni mayor de veinte (20) años." (25 L.P.R.A. sec. 587.)

ARTÍCULO 28—"Toda persona que tenga en su poder, de manera ilegal, explosivos o cualquier sustancia que pueda utilizarse para fabricar explosivos, con propósitos distintos a los dispuestos en la sección precedente será culpable de delito menos grave y convicta que fuere será castigada con multa no menor de quinientos (500) dólares ni mayor de dos mil (2,000) dólares o cárcel por término no menor de treinta (30) días ni mayor de un (1) año o ambas penas a discreción del Tribunal." (25 L.P.R.A. sec. 588.)

ARTÍCULO 29—"En el juicio de toda persona acusada de haber cometido cualesquiera de los delitos mencionados en la sec. 587 de este título, si se le prueba la posesión ilegal del explosivo, o sustancia que pueda utilizarse para fabricar explosivos, se considerará dicha prueba como evidencia prima facie de que el acusado cometió el delito o delitos imputados, y el peso de la prueba para demostrar lo contrario recaerá sobre el acusado." (25 L.P.R.A. sec. 589.)

atacado por vago no significa que automáticamente el estatuto es inconstitucional por ser indeterminado . . . . No se requieren normas imposibles de especificación. La prueba es si el lenguaje da un aviso definido con respecto a la conducta proscrita de acuerdo al significado y práctica comunes."

En dicho caso citamos de *Pueblo* v. *Tribunal Superior*, 81 D.P.R. 763, 788 (1960) lo siguiente:

"No debe caerse en la superficialidad de creer que una ley penal es nula por defecto de vaguedad debido a que requiera interpretación. Como señala el maestro Jiménez de Asúa, todas las leyes, aun las 'clarísimas', requieren interpretación. 'Toda ley, por el hecho de aplicarse es interpretada, ya que al cotejar su contenido con el hecho real se produce un proceso de subsunción, al que contribuyen los órganos interpretativos (a veces el legislador y el científico y siempre el Juez), por procedimientos gramaticales y teleológicos, y con resultados declarativos, restrictivos, extensivos o progresivos.' En cuanto a las leyes penales 'hay que armonizar la estricta legalidad del Derecho punitivo, con la imprescindible interpretación teleológica de las normas jurídicas. Reconociendo que el Derecho penal tiene carácteres de mayor certidumbre y estabilidad que las otras ramas, es imposible creer que la ley penal, *sensu strictu,* se basta del todo a sí misma y que sea suficiente interpretarla a la letra. No es un sistema completo y sin lagunas, de modo que con el simple procedimiento lógico, basado en los preceptos legales escritos, se puedan resolver todas las cuestiones.' "

La expresión más reciente del Tribunal Supremo de los Estados Unidos sobre esta cuestión aparece en *Grayned* v. *City of Rockford*, 408 U.S. 104 (40 L.W. 4881) resuelto en 26 de junio de 1972. Dijo el tribunal en este caso que:

"Es un principio básico del debido procedimiento que una ley es nula por vaguedad si sus prohibiciones no están claramente definidas. Las leyes imprecisas violentan diversos valores importantes. Primero, porque asumimos que el hombre es libre para elegir entre la conducta legal e ilegal, insistimos que las leyes den a la persona de ordinaria inteligencia una oportunidad razonable para saber qué está prohibido, de modo que pueda actuar en concordancia con ese conocimiento. Las leyes impreci-

sas pueden engañar al inocente al no proveer un aviso adecuado. Segundo, si ha de prevenirse la aplicación arbitraria y discriminatoria, las leyes deben proveer normas claras para aquellos que las aplican. Una ley vaga delega, de modo no permisible, cuestiones básicas de política a policías, jueces y jurados para ser resueltas sobre bases subjetivas y *ad hoc,* con los consiguientes peligros de aplicación arbitraria y discriminatoria. Tercero, pero relacionado, cuando un estatuto impreciso 'empalma con áreas sensitivas de las libertades básicas garantizadas por la Primera Enmienda' 'opera para inhibir el ejercicio de [esas] libertades'. Los significados inciertos inevitablemente llevan a los ciudadanos a 'permanecer mucho más lejos de la zona ilegal' . . . que si las fronteras de las áreas prohibidas estuviesen claramente demarcadas". (Citas omitidas.)

Véanse, además, *The Constitution of the United States of America,* Legislative Reference Service, Library of Congress, 1004–1008 (1964); *Vagueness and Overbreadth in University Regulations,* comentario publicado en Texas Tech. L. Rev. 2:255, 255–257, Spring '71; Hall, *Principles of Criminal Law,* 19–60 (1947).

De entrada es necesario dejar bien claro que no está envuelta en la acusación una *"sustancia que pueda utilizarse para fabricar explosivos"* de manera que la determinación de tales sustancias por reglamento promulgado por el Superintendente de la Policía no está en juego en este caso.

A lo que sí se refiere la acusación es a sustancias explosivas o sea, los explosivos. El Art. 27 de la Ley Núm. 134 taxativamente prohibe la posesión de explosivos con la intención de aterrorizar, hacer daño corporal o destruir propiedad o hacerle daño. El Art. 28 de dicha ley, a su vez, penaliza la posesión ilegal de tales explosivos independientemente de la intención con que se posean.([3]) La sustancia denominada explosivo se define en el Art. 2 de la referida ley en términos

---

([3]) La anterior Ley de Explosivos, Ley Núm. 67 de 1934, no prohibía la posesión de explosivos sino cuando concurría la intención de hacer daño a personas o propiedades. *Pueblo* v. *Ruiz Vélez,* 85 D.P.R. 483, 487, 488 (1962).

suficientemente claros para que una persona de inteligencia ordinaria pueda comprenderla.

Apuntan los peticionarios que como el Art. 29 de la Ley Núm. 134 establece una presunción de que la posesión de un explosivo conlleva la intención de usarlo para los propósitos a que hace referencia el Art. 27, la interpretación de estos dos artículos levanta la interrogante de si la "posesión ilegal" significa mera posesión o posesión sin licencia o permiso de manera que tal interrogante hace de tal modo imprecisa la ley que la vicia de inconstitucionalidad.

Para comprender el alcance de los Art. 27, 28 y 29 es conveniente examinar las expresiones legislativas al considerar la aprobación de la Ley de Explosivos vigente. El Informe de la Comisión de lo Judicial de la Cámara de Representantes expresa lo siguiente:

"En su Artículo 28 la medida establece otra modalidad de delito por *posesión ilegal* de explosivo sin que medie el propósito de utilizarlo ilegalmente. Aquí se dispone que tal posesión ilegal será considerada como un delito menos grave que será castigado con multa no menor de quinientos (500) dólares ni mayor de dos mil (2,000) dólares, o cárcel por un término no menor de treinta (30) días ni mayor de un (1) año o ambas penas, a discreción del Tribunal. *En estos casos,* la mera posesión constituirá evidencia prima facie de intención ilegal. En otras palabras, competirá al acusado el controvertir la antes mencionada presunción." (Énfasis suplido.) *Diario de Sesiones,* Vol. 23, Parte V, pág. 2425.

Hay que considerar, además, que el legislador, en el Art. 3 de la ley, ha dispuesto que:

"(a) Ninguna persona podrá realizar cualquier o cualesquiera de las actividades aquí relacionadas sin haber obtenido, con anterioridad, el correspondiente permiso o permisos del Superintendente, expedido de acuerdo a las disposiciones de esta ley y sus reglamentos:

(1) Manufacturar explosivos o sustancias que puedan utilizarse para fabricar explosivos;

(2) Transportar explosivos o sustancias que puedan utilizarse para fabricar explosivos;

(3) Recibir, almacenar o poseer explosivos o sustancias que puedan utilizarse para fabricar explosivos;

(4) Usar explosivos o sustancias que puedan utilizarse para fabricar explosivos;

(5) Operar un establecimiento donde se maneje explosivos o sustancias que puedan utilizarse para fabricar explosivos.

.    .    .    .    .    .    .    ." ·(25 L.P.R.A. sec. 563.)

Nótese que el Artículo 27 no requiere que la posesión sea ilegal para que quede configurado el delito de poseer explosivos con intención de causar daño a propiedades o personas. El Artículo 28, por el contrario, sí requiere que la posesión sea ilegal para que se incurra en una violación del mismo. Y el Artículo 29 también requiere que la posesión sea ilegal para que entre en vigor la presunción. Posesión ilegal, en vista de las disposiciones del Artículo 3, es posesión sin licencia. El término *"mera posesión"* utilizado en el Informe de la Comisión de lo Judicial de la Cámara de Representantes hay que considerarlo, a la luz de las expresiones de este Tribunal en *Pueblo v. Ruiz Vélez*, supra, escolio 3, a los efectos de que la Asamblea Legislativa podía prohibir o establecer como delito la mera posesión de explosivos en contraposición a la posesión con intención de utilizarlos para causar daño. Al expresar que *"en estos casos"* la mera posesión será ·evidencia prima facie de intención ilegal, la Comisión se refiere a casos de posesión ilegal o sin permiso.

Consciente, sin embargo, la Asamblea Legislativa de que hay ciertas sustancias que son susceptibles de ser utilizadas para fabricar explosivos, pero que comunmente se utilizan con intención inocente, dispuso en el Artículo 2, *supra*, que tales sustancias no serán consideradas como explosivos a los efectos de la ley, sino ". . . cuando se demostrare

que los mismos se usan o poseen con la intención expresada en los Artículos 26 y 27 . . ." de la ley. Estas sustancias no están cubiertas por el Artículo 28, y, en consecuencia, tampoco por la presunción establecida en el Artículo 29. Su posesión sólo será delito cuando concurra la intención o el acto de usarlos conforme a los Artículos 26 y 27, supra. Tal intención tendrá que ser demostrada sin recurrirse a la presunción del Artículo 29, ya que ésta sólo es aplicable cuando concurre la posesión sin licencia en casos en que se requiera tal licencia. Lo dicho es también aplicable a "cualquier objeto que pueda utilizarse para estallar o para fabricar explosivos o bombas, tal como mecha, batería, reloj, ácido, fulminante o detonador, o alguno otro que sirva para propósitos análogos . . ." (Artículo 27), que son también objetos susceptibles de uso inocente y no pueden entenderse comprendidos en la definición de explosivos del Artículo 2.

■ Por los fundamentos expresados concluimos que carece de méritos el planteamiento de que la ley es nula por adolecer de vaguedad.

Apuntan los peticionarios que la presunción establecida por el Art. 29 de la Ley Núm. 134 bajo una acusación de violación del Art. 27 de la referida Ley, al efecto de que la prueba de la posesión ilegal de explosivos, se considerará como evidencia *prima facie* de que el acusado cometió el delito imputado, y el peso de la prueba para demostrar lo contrario recaerá sobre el acusado, es contraria al debido proceso de ley, vulnera la presunción de inocencia, compele al acusado a renunciar al privilegio contra la autoincriminación, viola el derecho a juicio por jurado y el derecho a confrontarse con los testigos de cargo.

■ El Artículo 29 establece una regla evidenciaria en procesos bajo la Ley de Explosivos. Hemos dicho que esa presunción sólo es de aplicación en casos de posesión sin licencia. En el presente caso todavía no ha desfilado prueba,

por lo que es posible: (1) que el jurado estime que los peticionarios no poseyeron explosivos o que tal posesión no se probó; (2) que los peticionarios tuviesen licencia para poseer explosivos o que no necesitasen dicha licencia para poseerlos por tratarse de sustancias que el legislador eximiese de ese requisito. En cualquiera de los dos casos sería innecesario que se considerase la constitucionalidad del Artículo 29. Además, una declaración de inconstitucionalidad del referido Artículo no conllevaría la desestimación de la acusación, que es el remedio que se solicita. Concluimos que el planteamiento es prematuro. Las cuestiones constitucionales no serán decididas antes de que sea necesario hacerlo. *Suárez Sánchez* v. *Tribunal Superior*, 92 D.P.R. 507, 516 (1965); *E.L.A.* v. *Aguayo*, 80 D.P.R. 552, 596 (1958).

▬▬▬ Arguyen los peticionarios que la acusación en este caso no imputa delito pues dada la presunción provista por el Art. 29, la ausencia de permiso es un elemento esencial del delito definido por el Art. 27 de la ley en cuestión y su alegación en la acusación es indispensable para que su suficiencia no quede viciada. La acusación en este caso no incluye tal alegación. Este apuntamiento es inmeritorio. Como hemos dicho previamente, el Artículo 27 no requiere que la posesión sea sin licencia para que quede integrado el delito que tipifica. Lo que requiere es la posesión, sea esta con o sin licencia, y la intención de causar daño a propiedades o personas. Lo que ocurre es que si la posesión es sin licencia y se requiere tal licencia, entonces el Ministerio Público puede descansar en la presunción provista por el Artículo 29 en lo que se refiere a la prueba de intención.

En vista de lo expuesto, *debe anularse el auto expedido y devolverse el caso para la continuación de los procedimientos.*

El Juez Asociado, Señor Martínez Muñoz, concurre en el resultado.