Opinión concurrente y disidente emitida por el
Juez Asociado Señor Fuster Berlingeri.
Concurro con la mayoría del Tribunal en que al convicto en el caso de autos no podía imponérsele una pena basada en la reincidencia. No sólo no se alegó la condición de reincidente en la acusación en su contra, como está previsto en la Regla 48 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, sino que, además, la referida ausencia de tal alegación en la acusación no puso al acusado, al momento de considerar *391 si admitía su culpabilidad, en posición de conocer cabalmente todas las intenciones del Estado respecto a su condena. Por ello, fue correcta la pena impuesta por el foro de instancia y erróneo el dictamen del foro apelativo, tal como lo resuelve la mayoría del Tribunal en su opinión.
Sin embargo, para llegar al resultado referido no es necesario el inusitado dictamen de declarar la inconstitucionalidad de unas oraciones en los incisos (b)(4) y (b)(5) del Art. 7.04 de la Ley de Vehículos y Tránsito de Puerto Rico, 9 L.P.R.A. sec. 5204(b)(4) y (b)(5), como lo hace la mayoría del Tribunal en su opinión.
Nótese que en virtud de lo resuelto medularmente en la opinión del Tribunal en este caso, quedan debidamente fijadas las consecuencias de lo dispuesto en los incisos en cuestión, si el Ministerio Público no incluye la alegación de reincidencia en las denuncias o acusaciones pertinentes. Así, los incisos referidos en efecto le permiten al Ministerio Público no hacer la alegación de reincidencia, con las consecuencias correspondientes. En efecto, se le da una opción al Ministerio Público sobre el particular. No es necesario declarar la inconstitucionalidad parcial de los incisos en cuestión, pues, porque nada de lo resuelto mediante la opinión mayoritaria indica que el Ministerio Público está obligado a incluir la alegación de reincidencia en las acusaciones concernidas. Por ende, los incisos en cuestión quedarían como el fundamento para la opción del Ministerio Público.
Para concluir, debe recordarse la doctrina que rige en nuestra jurisdicción sobre la determinación judicial de inconstitucionalidad. Tales determinaciones no son favorecidas de ordinario, y sólo deben emitirse cuando ello es insoslayable. En otras palabras, los tribunales deben evitar la determinación de inconstitucionalidad si la disposición en cuestión puede ser interpretada de modo tal que no sea necesario hacer tal determinación. Torres Solano v. P.R.T.C., 127 D.P.R. 499 (1990); Molina v. C.R.U.V., 114 *392 D.P.R. 295 (1983); Vives Vázquez v. Tribunal Superior, 101 D.P.R. 139 (1973); Pueblo v. Marrero, 79 D.P.R. 649 (1956). En el caso de autos, es soslayable la determinación de inconstitucionalidad por la razón señalada antes. Por ello, disiento de esta parte del dictamen de la mayoría del Tribunal.