EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Oficina de Ética Gubernamental<br>Recurrido<br><br>v.<br><br>Pedro Julio Santiago Guzmán<br>Peticionario | Certiorari<br><br>2013 TSPR 31<br><br>188 DPR \_\_\_\_ |

Número del Caso: CC-2012-386

Fecha: 11 de marzo de 2013

Tribunal de Apelaciones:

Región Judicial de San Juan, Panel I

Abogados de la Parte Peticionaria:

Lcdo. José R. Conaway Mediavilla

Abogados de la Parte Recurrida:

Lcda. Massiel Hernandez Tolentino
Lcda. Sara B. González Clemente

Materia: Ley de Ética Gubernamental de 1985 – Nombramiento de familiares por la entidad nominadora.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Oficina de Ética Gubernamental

      Recurrido

        v.

                        CC-2012-0386

Pedro Julio Santiago Guzmán

      Peticionario

Opinión del Tribunal emitida por el Juez Asociado señor MARTÍNEZ TORRES.

En San Juan, Puerto Rico, a 11 de marzo de 2013.

Comparece el peticionario, señor Pedro Julio Santiago Guzmán, para que revoquemos una sentencia del Tribunal de Apelaciones, que a su vez modificó una determinación de la Oficina de Ética Gubernamental. Esa agencia administrativa le impuso una multa de $2,000 por violar el Art. 3.2(i) de la derogada Ley de Ética Gubernamental, Ley Núm. 12 de 24 de julio de 1985, 3 L.P.R.A. sec. 1822(i)[1], y el Art. 6(A)(4) del Reglamento de Ética Gubernamental, sobre nepotismo. El Tribunal de Apelaciones redujo la multa a $500.

---

[1] Esta ley se sustituyó por la Ley de Ética Gubernamental, Ley Núm. 1-2012.

La controversia se circunscribe a determinar si un funcionario que no ejerció facultades de nombramiento, promoción o ascenso a un familiar dentro de los grados de afinidad y consanguinidad que proscribe la Ley de Ética Gubernamental, supra, ni ejerció influencia para que ello ocurriera, incurre en violaciones éticas al no solicitar dispensa antes de que la autoridad nominadora efectúe el reclutamiento.

Por entender que la interpretación que ha dado la Oficina de Ética Gubernamental al Art. 3.2(i) es ultra vires, revocamos.

I

El alcalde de Toa Baja, Hon. Aníbal Vega Borges, designó al señor Pedro Julio Santiago Guzmán como administrador del Municipio de Toa Baja el 11 de enero de 2005. A poco menos de un mes, el 5 de febrero de 2005, designó a Ángel Santiago Guzmán, hermano del designado administrador, como Subcomisionado de Seguridad del Municipio. Ambos nombramientos se presentaron ante la Legislatura Municipal el 8 de febrero de 2005. El 14 de febrero de 2005 la Legislatura Municipal confirmó al señor Pedro Julio Santiago Guzmán como administrador; y el 9 de marzo del mismo año al señor Ángel Santiago Guzmán como Subcomisionado de Seguridad.

En abril del 2005, el señor Ángel Santiago Guzmán percibió un aumento que elevó su salario de $3,105 a $3,780 mensuales. Según una declaración jurada del Alcalde

que consta en el expediente, ese aumento fue consecuencia de un ajuste en su salario, pues en la negociación para reclutarlo como Subcomisionado de Seguridad se le ofrecieron $3,780 mensuales, y no los $3,105 con los que ingresó a las filas del Municipio.

El 2 de diciembre de 2008 la Oficina de Ética Gubernamental presentó una querella contra el señor Pedro Julio Santiago González que imputaba violar el Art. 3.2(i) de la Ley de Ética Gubernamental, Ley Núm. 12 de 24 de julio de 1985, según enmendada, y el Art. 6(A) del derogado Reglamento de Ética Gubernamental, Núm. 4827 de 20 de noviembre de 1992.[2] La violación consistía en no pedir la dispensa requerida para el nombramiento del señor Ángel Santiago Guzmán, su hermano, como Subcomisionado de Seguridad del Municipio. El 3 de junio de 2009 se enmendó la querella para incluir la falta en solicitar dispensa para el aumento en el salario del señor Ángel Santiago Guzmán. Este se otorgó el 16 de abril de 2005, mientras el querellado Pedro Julio Santiago Guzmán fungía como administrador del Municipio.

La Oficina de Ética Gubernamental celebró una vista el 17 de marzo de 2010, tras la cual el oficial examinador

---

[2] La Oficina de Ética Gubernamental derogó este y otros reglamentos mediante el Reglamento para derogar los reglamentos de la Oficina de Ética Gubernamental de Puerto Rico adoptados al amparo de la Ley Núm. 12 de 24 de julio de 1985, según enmendada, Reglamento Núm. 8165 de 28 de febrero de 2012. Ese reglamento tiene como propósito derogar todos aquellos reglamentos que no fueran cónsonos con la nueva Ley de Ética Gubernamental, Ley Núm. 1-2012.

asignado emitió un informe que recomendó sancionar al señor Pedro Julio Santiago Guzmán con una multa de $2,000. La Subdirectora Ejecutiva de la Oficina de Ética Gubernamental refrendó el informe y su recomendación el 18 de mayo de 2010. Se sostuvo en reconsideración el 25 de agosto de 2010.

El informe señaló que el señor Pedro Julio Santiago Guzmán, empleado de confianza del Municipio de Toa Baja, no solicitó dispensa antes de que se nombrara a su hermano como Subcomisionado de Seguridad ni antes de que se le aumentara el salario. Concluyó que, aunque el querellado no fuera la autoridad nominadora, ni ejerciera influencia para que se diera el nombramiento, conocía que su hermano interesaba ocupar un puesto en el Municipio, por lo que debió solicitar una dispensa. Según la interpretación que dio la Oficina de Ética Gubernamental, la violación a los estatutos se da con la mera posibilidad de influenciar en un nombramiento, aunque no se ejerza tal influencia.

De esa determinación, el señor Pedro Julio Santiago Guzmán recurrió ante el Tribunal de Apelaciones, foro que modificó la determinación de la Oficina de Ética Gubernamental. Redujo de $2,000 a $500 la multa impuesta. El foro apelativo intermedio justificó la reducción en la penalidad porque de la prueba presentada no surgía que el señor Pedro Julio Santiago Guzmán ejerciera alguna influencia para lograr el nombramiento y el aumento en el salario de su hermano. Sin embargo, sostuvo la imposición

de una sanción por el hecho de que es un empleado de confianza del Alcalde y "pudo haber influenciado" en la determinación de reclutar a Ángel Santiago Guzmán.

Aún inconforme, el señor Pedro Julio Santiago Guzmán recurre ante nos. Plantea que la prohibición al nepotismo que impone la Ley de Ética Gubernamental, supra, aplica a la autoridad nominadora, y que la extensión a cualquier otro funcionario que pueda influenciarle surge del Reglamento de Ética Gubernamental, supra, que así interpretado resultaría ultra vires. Además, señala que penalizarle porque ocupa un puesto de confianza desde el cual pudo influenciar al Alcalde para que designara a su hermano como Subcomisionado de Seguridad, sin que hubiera prueba acerca de ello, equivale a imponerle una responsabilidad vicaria.

Por su parte, la Oficina de Ética Gubernamental plantea que tanto la Ley de Ética Gubernamental, supra, como el Reglamento de Ética Gubernamental, supra, requieren la solicitud de una dispensa cuando se va a nombrar a un familiar de alguien con poder para influenciar a la autoridad nominadora. La interpretación que ha hecho la Oficina de Ética Gubernamental es que se tiene que pedir una dispensa por el mero hecho de que exista la posibilidad de influenciar, independientemente de que se ejerza o no esa influencia. Sostiene que esa interpretación es la que ha prevalecido en las opiniones que ha publicado sobre nepotismo. Además, en el Reglamento

para la tramitación de dispensas para el nombramiento, promoción, ascenso y contratación de parientes, Reglamento Núm. 6450 de 2 de mayo de 2002, así se dispone.

El 29 de junio de 2012 expedimos el auto. Con el beneficio de la comparecencia de ambas partes, pasamos a resolver.

II

El propósito principal de la Ley de Ética Gubernamental de 1985, supra, y su Reglamento, era que los funcionarios y empleados públicos mantuvieran principios del más alto grado de honestidad, integridad e imparcialidad, para garantizar el buen funcionamiento de las instituciones gubernamentales y conservar la confianza de los ciudadanos en su gobierno. Ofic. Ética Gub. v. Concepción Bonilla, 183 D.P.R. 695, 699 (2011); O.E.G. v. Rodríguez, 159 D.P.R. 98, 122 (2003).

Así mismo esa ley aspiraba a prevenir y atacar la corrupción, la conducta ilegal, los conflictos de intereses, el abuso de poder, las influencias indebidas, la conducta impropia y la apariencia de conducta impropia. O.E.G. v. Rodríguez, supra, págs. 123-124. Los conflictos de intereses son intolerables en el servicio público. Ofic. Ética Gub. v. Concepción Bonilla, supra, pág. 699. Sin embargo, la mera apariencia de conflicto de interés, por sí sola, no puede conllevar a que automáticamente se encuentre a un funcionario incurso en una violación ética. O.E.G. v. Cordero, Rivera, 154 D.P.R. 827, 853-854 (2001).

El primer párrafo del Art. 3.2(i) de la Ley de Ética

Gubernamental de 1985, 3 L.P.R.A. sec. 1822(i), indicaba

que:

> Ningún funcionario público o empleado público podrá **nombrar, promover o ascender** a un puesto de funcionario o empleado público, o **contratar** por sí, o a través de otra persona natural o jurídica, negocio o entidad que tenga interés en la agencia ejecutiva en la que trabaje o tenga facultad de decidir o influenciar, a cualquier persona que sea pariente de dicho funcionario o empleado público dentro del cuarto grado de consanguinidad o del segundo grado por afinidad…[3]

---

[3] El texto completo del Art. 3.2(i) dispone:

> "(i) Ningún funcionario público o empleado público podrá nombrar, promover o ascender a un puesto de funcionario o empleado público, o contratar por sí, o a través de otra persona natural o jurídica, negocio o entidad que tenga interés en la agencia ejecutiva en la que trabaje o tenga facultad de decidir o influenciar, a cualquier persona que sea pariente de dicho funcionario o empleado público dentro del cuarto grado de consanguinidad o del segundo grado por afinidad.

> Cuando el funcionario público o empleado público con facultad para decidir o influenciar entienda que es imprescindible por el bienestar del servicio público y el buen funcionamiento de la agencia contratar, nombrar, promover o ascender a un pariente suyo dentro de los grados de parentesco antes mencionados, en un puesto de funcionario público o empleado público, tendrá que solicitar una autorización por escrito al Director Ejecutivo de la Oficina de Ética Gubernamental donde exponga las razones específicas que justifican tal contrato, nombramiento, o ascenso en ese caso en particular, previo a llevar a cabo dicha acción, de conformidad a la reglamentación que adopte la Oficina de Ética Gubernamental.

> La Oficina de Ética Gubernamental deberá, dentro del término directivo de treinta (30) días desde la fecha de haberse radicado la solicitud de dispensa, autorizar o denegar la misma. La Oficina de Ética Gubernamental

(continúa...)

A modo de excepción, el Art. 3.2(i) de la Ley de Ética Gubernamental derogada permitía que se hicieran nombramientos de familiares dentro de los grados vedados, si antes del nombramiento se solicitaba una dispensa ante la Oficina de Ética Gubernamental. Esas dispensas se debían gestionar a través del Reglamento Núm. 6450.[4]

El Art. III de ese Reglamento, en su disposición sobre Alcance y Propósito, indicaba que era:

> …de aplicación a todos los departamentos, agencias y organismos de la Rama Ejecutiva del Gobierno del Estado Libre Asociado de Puerto

notificará al solicitante de la aprobación de la dispensa o de su denegación. En caso de denegar la solicitud de dispensa deberá fundamentar dicha decisión presentando un informe escrito.

La prohibición que aquí se establece no será de aplicación a la situación de un funcionario o empleado público que nombre, promueva o ascienda en un puesto de carrera en la agencia en que trabaje o sobre la cual ejerza jurisdicción, a un funcionario o empleado público que sea su pariente dentro de los referidos grados, cuando el funcionario o empleado público, nombrado, promovido o ascendido haya tenido la oportunidad de competir en igualdad de condiciones con otros aspirantes mediante un proceso de selección a base de pruebas, exámenes o evaluaciones de preparación y experiencia, y se haya determinado objetivamente que es el candidato idóneo o mejor calificado en el registro de elegibles para el puesto en cuestión y el pariente con facultad no haya intervenido en el mismo. Asimismo, las prohibiciones antes descritas, con excepción de la de nombramiento, serán de aplicación a aquellos empleados o funcionarios públicos que advengan a la relación de grado de parentesco dispuestos en esta sección después de su nombramiento o designación."

[4] Este reglamento también se anuló mediante el Reglamento Núm. 8165.

Rico, las agencias bajo el control de dicha Rama, las corporaciones públicas, los municipios, a los consorcios y corporaciones de desarrollo municipal, la Junta Estatal y Juntas Locales constituidas al amparo de la Ley Federal Workforce Investment Act de 1998 y en todos los casos en que cualquiera de dichos organismos tenga necesidad de nombrar, ascender, o contratar directa o indirectamente, a una persona que sea pariente, dentro del cuarto grado de consanguinidad o segundo grado por afinidad, de cualquier funcionario o empleado público del organismo que fuera, si dicho funcionario o empleado tiene facultad o poder para decidir o para influenciar en el proceso decisional que culmina en el nombramiento, promoción, ascenso o contratación de su pariente, aun cuando no haya usado ese poder o facultad en el caso particular. (Énfasis en original).

Reglamento Núm. 6450, supra.

Acorde con ello, el Art. IV(e) definía que para propósitos del Reglamento para la tramitación de dispensas para el nombramiento, promoción, ascenso y contratación de parientes, supra, un funcionario o empleado con facultad para decidir o influenciar era:

Cualquier funcionario o empleado que tenga poder o facultad para tomar decisiones en las diversas etapas del proceso que culmina en el nombramiento, promoción, ascenso o contratación de personas en su agencia, o que tenga poder o facultad para influir en cualquiera de las etapas de ese proceso, ya sea directa o indirectamente, aun cuando no haya usado ese poder o facultad en el caso particular. Se entenderá que una persona tiene facultad de decidir cuando una ley, reglamento, descripción de deberes o designación así se lo requiera. La facultad de influenciar las decisiones recae sobre aquellas personas que tienen acceso, contacto directo o cuyas opiniones o posiciones les merecen consideración al o a los que van a decidir[.] (Énfasis en original).

Reglamento Núm. 6450, supra.

Por otro lado, el derogado Reglamento de Ética Gubernamental, _supra_, en su Art. 6, señalaba:

Todo servidor público deberá:
(A) Evitar tomar cualquier acción, esté o no específicamente prohibida por este Reglamento, que pueda resultar en o crear la apariencia de:
1) …
2) Dar trato preferencial a cualquier persona, salvo justa causa.
3) …
4) Perder su completa independencia o imparcialidad.
5) …
6) Afectar adversamente la confianza del público en la integridad y honestidad de las instituciones gubernamentales…

Reglamento Núm. 4827.

### III

A. La invalidez de su faz de una regla legislativa que promulgue una agencia puede surgir de un incumplimiento con lo que establece la Ley de Procedimiento Administrativo Uniforme (L.P.A.U.), Ley Núm. 170 de 12 de agosto de 1988, sobre el procedimiento para aprobarlos. Mun. de Toa Baja v. D.R.N.A., 185 D.P.R. 684, 694-695 (2012); Centro Unido de Detallistas v. Com. Serv. Púb., 174 D.P.R. 174, 182-184 (2008); Mun. San Juan v. J.C.A., 152 D.P.R. 673 (690-691)(2000). Véase, además, Secs. 2.1 y ss de la L.P.A.U., 3 L.P.R.A. secs. 2126 y ss. También puede surgir porque en su aplicación, la regla no se ajusta a los poderes que le delegó la legislatura a la agencia administrativa que la promulgó.

Por ello es que, sobre esta vertiente sustantiva de la revisión judicial de las reglas legislativas de las

agencias, los tribunales tienen que determinar si la actuación administrativa se ajusta al poder que la Asamblea Legislativa delegó. DACo v. AFSCME, 185 D.P.R. 1, 13 (2012); Perfect Cleaning v. Cardiovascular, 162 D.P.R. 745, 759 (2004). Los tribunales tienen que recurrir a la ley habilitadora, que define y delimita la extensión de la jurisdicción del organismo administrativo. Íd. Hemos precisado los criterios que ayudan a determinar si una agencia ha excedido el poder que la legislatura le delegó para reglamentar. Estos son:

> (1) si se delegó el poder de reglamentación;
> (2) si la actuación administrativa está autorizada por ley;
> (3) si la reglamentación promulgada está dentro de los amplios poderes delegados;
> (4) si al aprobarse el reglamento se cumplió con las normas procesales de la ley habilitadora de la agencia y la L.P.A.U., y
> (5) si la reglamentación es arbitraria y caprichosa.
>
> Perfect Cleaning v. Cardiovascular, supra, pág. 759.

Una agencia que incumple con estos criterios, actúa de manera ultra vires. Íd. DACo v. AFSCME, 185 D.P.R. 1, 13 (2012).

B. Por otro lado, las adjudicaciones que hacen las agencias, amparadas en las leyes que administran y los reglamentos que aprobaron a partir de ellas, también están sujetos a revisión judicial. Nuestra función revisora de las determinaciones de hecho y conclusiones de derecho que haga la Oficina de Ética Gubernamental sobre la Ley de Ética Gubernamental, y los reglamentos de su oficina, se

limitan a lo que establece la L.P.A.U., *supra*, en su Sec. 4.5, 3 L.P.R.A. Sec. 2175. Es decir, las determinaciones de hechos de las agencias se sostendrán en los tribunales si se basan en evidencia sustancial que obre en el expediente administrativo, mientras las conclusiones de derecho serán revisables en todos sus aspectos, *íd*. Véase, además, *O.C.S. v. Universal*, Op. de 1 de noviembre de 2012, 2012 T.S.P.R. 165, 2012 J.T.S. 178 (2012), 187 D.P.R.___ (2012); *O.E.G. v. Rodríguez*, *supra*, págs. 117-118.

La parte que interese impugnar la determinación de hechos de alguna agencia tiene que presentar evidencia que menoscabe el valor de la prueba sobre la cual se sostiene, que debe constar en el expediente del caso. *O.C.S. v. Universal*, *supra*; *O.E.G. v. Rodríguez*, *supra*, pág. 118; *Hilton Hotels v. Junta Salario Mínimo*, 74 D.P.R. 670, 685-687 (1953).

Es doctrina harto conocida que las determinaciones de las agencias administrativas merecen gran respeto y deferencia, siempre y cuando no se constituya una actuación arbitraria, ilegal, irrazonable o cuando la determinación no se sostenga por evidencia sustancial que obre en el expediente. *O.E.G. v. Rodríguez*, *supra*, pág. 119. Cuando existe ausencia de prueba adecuada o error manifiesto en su apreciación, se justifica la intervención del tribunal. *Íd.*; *Domínguez v. Caguas Expressway Motors, Inc.*, 148 D.P.R. 387, 397-398 (1999).

IV

A. Luego de analizar minuciosamente el Art. 3.2(i) de la Ley de Ética Gubernamental de 1985, supra, reconocemos que presenta una redacción confusa, pero no podemos concluir que pretenda penalizar a un funcionario o empleado por la mera posibilidad de que pueda influenciar en el nombramiento de un familiar, sin evidencia de que haya ejercido tal influencia. Pasemos a analizar el texto pertinente del artículo para evidenciar en qué sostenemos esta conclusión.

Los sujetos a los que iba dirigido el Art. 3.2(i) son los funcionarios o empleados públicos. Las acciones que les están vedadas son nombrar, promover, ascender y contratar a un familiar dentro del cuarto grado de consanguinidad o segundo de afinidad en la agencia ejecutiva en la que trabajen o ejercer alguna influencia para que ello se haga. Para evitar la violación de la ley, se les exigía solicitar una dispensa antes de nombrar, promover, ascender y contratar a un familiar en la agencia en la que trabajaran o tuvieran influencia.

La Oficina de Ética Gubernamental ha interpretado que ese artículo requiere una dispensa a todo funcionario o empleado que sea la autoridad nominadora o tenga influencia sobre esta, independientemente de que ejerza esa influencia. Así lo plasmó en el Reglamento para la tramitación de dispensas para el nombramiento, promoción, ascenso y contratación de parientes, supra, en el Art. III

y en el Art. IV(e). Sin embargo, no vemos en qué parte del Art. 3.2(i) se sostiene esa interpretación. La acción está específicamente dirigida a quien nombre, promueva, ascienda o contrate, o quien tenga el poder de influenciar a la persona responsable de tomar esa determinación. Es decir, a quien funja como autoridad nominadora en cada caso, y a quien tenga poder para influenciarle. Sin embargo, del Art. 3.1(i) se desprende que es necesario que si se trata de la persona que tiene poder para influenciar, hace falta que, en efecto, ejerza esa influencia para incurrir en una violación.

Cuando sometemos estas disposiciones del Reglamento para la tramitación de dispensas para el nombramiento, promoción, ascenso y contratación de parientes, supra, al análisis de los criterios que hemos enumerado para determinar si la aprobación de un reglamento se ajusta al poder que le delegó la Asamblea Legislativa a la Oficina de Ética Gubernamental, tenemos que concluir que no lo hace. Aunque se le confirió el poder de reglamentar las dispensas, el reglamento que aprobó la Oficina de Ética Gubernamental rebasa los poderes que le confirió la Ley de Ética Gubernamental en su Art. 3.2(i), supra. Ese artículo no delegó a la agencia administrativa imponer multas a los empleados o funcionarios que aunque tuvieran la capacidad de influenciar a la autoridad nominadora, no la ejercieran. Es obvio que el artículo de la ley exige algún tipo de participación en el nombramiento o ejercicio de

influencia por parte de dicho funcionario o empleado en el proceso de nombrar, promover, ascender y contratar al familiar. De lo contrario podría penalizarse a un funcionario porque no solicitó una dispensa antes de la contratación de un familiar, aunque el funcionario ni siquiera supiera que la autoridad nominadora iba a contratar a un pariente y, por lo tanto, no se hubiera enterado de la contratación antes de que esta se hiciera. No podemos refrendar ese absurdo. En la medida en que la Oficina de Ética Gubernamental imponga una sanción a un funcionario que tenga el poder de influenciar a la autoridad nominadora, sin que haya evidencia de que ejerció esa influencia, la actuación de la agencia no está autorizada por la ley y, por consiguiente, es ultra vires.

Debemos recordar que el debido proceso de ley exige que una disposición legal provea al ciudadano promedio un aviso suficiente de las conductas que se penalizan. Pueblo v. García Colón I, 182 D.P.R. 129, 149 (2011); Vives Vázquez v. Tribunal Superior, 101 D.P.R. 139, 145-146 (1973). La redacción del Art. 3.2(i) de la Ley de Ética Gubernamental de 1985, supra, no proveía al ciudadano de inteligencia promedio un aviso de que la mera posibilidad de influenciar a la autoridad nominadora, sin que la ejerza, es punible con multa en ausencia de dispensa. Interpretar lo contrario conllevaría que declaráramos nulo el artículo de la ley por adolecer de vaguedad. Por ende, para evitar esa interpretación tenemos que concluir que no

fue esa la intención del legislador, pues no se ajusta al texto de la ley. Así que en ausencia de una expresión clara por parte de la Asamblea Legislativa, no podemos favorecer la interpretación que dio la Oficina de Ética Gubernamental al Art. 3.2(i) de la ley.

Una vez concluimos que la interpretación que la Oficina de Ética Gubernamental dio al Art. 3.2(i) de la Ley de Ética Gubernamental excede el poder que le confirió la Asamblea Legislativa, pasemos a analizar el caso del señor Pedro Julio Santiago Guzmán.

B.   El Tribunal de Apelaciones redujo la multa impuesta de $2,000 a $500 porque el expediente del caso está huérfano de evidencia de que el señor Pedro Julio Santiago Guzmán ejerciera alguna influencia en el nombramiento de su hermano. Incluso, la Oficina de Ética Gubernamental no afirma que el querellado ejerció influencia. Su imputación más grave al respecto va dirigida a que conocía desde diciembre del 2004 que su hermano interesaba ubicarse en un puesto en el municipio. El querellado asegura que la relación de su hermano con el Alcalde era lo suficientemente cercana como para que fuera innecesaria su intervención en el nombramiento.

El Alcalde declaró en las vistas que conoció a Pedro Julio Santiago Guzmán cuando estudiaban juntos en bachillerato. Años después pasó a ser su ayudante legislativo cuando fue electo a la Cámara de Representantes. Desde los inicios de esa amistad, narró el

alcalde Vega Borges, derivó también una relación con Ángel Santiago Guzmán, quien pasó a ser parte de su escolta, también cuando era representante en la Legislatura. Fue durante esos seis años aproximadamente que entabló una relación más estrecha con Ángel Santiago Guzmán, pues pasaban juntos mucho tiempo.

Además, el Alcalde aseguró que todos los nombramientos para posiciones de confianza, como la de Subcomisionado de la Policía Municipal, los hacía él directamente. Y que tanto el puesto de administrador al que asignó a Pedro Julio Santiago Guzmán, como el de Subcomisionado de Seguridad, al que asignó a Ángel Santiago Guzmán, los hizo sin consultar a otras personas. En cuanto al incremento en el sueldo que percibió Ángel Santiago Guzmán, el Alcalde aseguró que no fue un aumento sino un ajuste, para elevarlo a lo que le había prometido al momento de la oferta de empleo. También rechazó que Pedro Julio Santiago Guzmán interviniera en esa determinación.

La Oficina de Ética Gubernamental no dio credibilidad a la versión del Alcalde. Plantea que lo que ocurrió con el salario de Ángel Santiago Guzmán fue un aumento de sueldo, pues no se hizo constar en los documentos del Municipio que fuera un ajuste. Además, tampoco se reembolsó la diferencia por lo que se le pagó de menos durante los primeros meses de empleo. Sin embargo, entendemos que esa determinación es irrelevante para

decidir el presente caso, pues no hay evidencia de que el querellado influyera en que se aumentara el salario a Ángel Santiago Guzmán.

Las determinaciones de hechos de las agencias prevalecen en revisión judicial si se sostienen con evidencia sustancial que obre en el expediente. En este caso, la Oficina de Ética Gubernamental no presentó evidencia de que el señor Pedro Julio Santiago Guzmán influenciara en la determinación del Alcalde de nombrar a su hermano Ángel Santiago Guzmán como Subcomisionado de la Policía Municipal. Tampoco evidenció participación en la determinación del aumento o ajuste de salario. El Tribunal de Apelaciones concluyó que el expediente está huérfano de esa evidencia. En efecto, así es. Así las cosas, no vemos razón para sostener una multa en contra del querellado.

La Oficina de Ética Gubernamental también insiste en que el señor Pedro Julio Santiago Guzmán conocía que su hermano interesaba trabajar en el Municipio. El mero hecho de que conociera su interés, sin evidencia de que ejerciera algún tipo de influencia, no puede conllevar la imposición de una multa.

El Tribunal de Apelaciones validó la multa en contra del señor Pedro Julio Santiago Guzmán amparándose en la interpretación que hizo la Oficina de Ética Gubernamental del Art. 3.2(i) de la Ley de Ética de 1985. Ya concluimos que esa interpretación es ultra vires. De esta forma, la

multa en contra del señor Pedro Julio Santiago tampoco encuentra sostén en el expediente.

V

Por los fundamentos antes expuestos, se dictará Sentencia en la que revocamos la sentencia del Tribunal de Apelaciones y resolvemos que la interpretación que ha dado la Oficina de Ética Gubernamental al Art. 3.2(i) de la Ley de Ética Gubernamental de 1985 es ultra vires en la medida en que penaliza a un funcionario que pudiera tener poder para influenciar en el nombramiento de un familiar dentro de los grados prescritos, sin evidencia de que haya hecho ejercicio de esa influencia. Por eso, se deja sin efecto la multa impuesta al señor Pedro Julio Santiago Guzmán.


RAFAEL L. MARTÍNEZ TORRES
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Oficina de Ética Gubernamental

    Recurrido

      v.

                           CC-2012-0386

Pedro Julio Santiago Guzmán

    Peticionario

SENTENCIA

En San Juan, Puerto Rico, a 11 de marzo de 2013.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte integrante de la presente Sentencia, se dicta Sentencia y se revoca la sentencia del Tribunal de Apelaciones y resolvemos que la interpretación que ha dado la Oficina de Ética Gubernamental al Art. 3.2(i) de la Ley de Ética Gubernamental de 1985 es ultra vires en la medida en que penaliza a un funcionario que pudiera tener poder para influenciar en el nombramiento de un familiar dentro de los grados prescritos, sin evidencia de que haya hecho ejercicio de esa influencia. Por eso, se deja sin efecto la multa impuesta al señor Pedro Julio Santiago Guzmán.

Lo acordó y ordena el Tribunal, y lo certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Estrella Martínez está inhibido.

Aida I. Oquendo Graulau
Secretaria del Tribunal Supremo